D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

**NORMA VALENCIA,**

       **Plaintiff,**

    v.

**TAQUERIA LA NORTENA CORP., GUILLERNO LOPEZ, and ANGELICA LOPEZ**

       **Defendants.**

--------------------------------------------------------x

**COMPLAINT and JURY TRIAL DEMAND**

**CASE NO.:**

Plaintiff NORMA VALENCIA alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**PARTIES**

3. All Defendants are hereinafter collectively referred to as "Defendants."

Defendant Taqueria La Nortena, Corp. is a New York limited liability company that owns and operates Taqueria La Nortena in Brooklyn, NY.

Defendant Guillerno Lopez and Angelica Lopez are owners and managers at Taqueria La Nortena. They are both regularly present at the restaurant, and make decisions regarding hiring and firing employees, employees' pay, and their scheduling.

4. Plaintiff Norma Valencia ("Plaintiff") was employed by Defendants as a food preparer from 2014 through January 2024.

**FACTS**

5. Defendants committed the acts alleged in this Complaint knowingly, intentionally, and willfully.

6. Until 2022, Plaintiff worked at least 50 hours per week. Specifically, she worked Wednesday through Sundays, from 6:00 p.m. to at least 4:00 a.m.

7. During this time, Plaintiff was paid a flat amount with no premium for overtime.

8. Plaintiff was not paid New York's "spread of hours" premium when her day lasted longer than 10 hours, *i.e.,* when she stayed past 4:00 a.m., which happened often.

9. After 2022, Defendants purported to pay Plaintiff New York's minimum wage, $15 per hour.

10. In January 2024, when the minimum wage changed to $16 per hour, Defendants failed to increase Plaintiff's hourly pay.

Plaintiff complained about this to Defendants Angelica Lopez. Ms. Lopez admonished Plaintiff for complaining and told her she could find other employees to work for less.

Shortly thereafter, Plaintiff was ill with severe chest pain. As a result, Plaintiff did not work from January 21, 2024 until January 31, 2024.

11. When Plaintiff returned from her protected leave, she was immediately terminated.

12. Given Plaintiff's stellar track record and the timing of her termination, it is clear that Plaintiff was terminated for complaining about minimum wage violations and for taking protected leave.

Plaintiff did not receive a Notice and Acknowledgment of Pay Rate or similar form from Defendants at any point during her employment. As a result, Plaintiff did not understand that she was in fact entitled to overtime compensation that she was not receiving. Defendants' failure to provide the required wage notice therefore hindered Plaintiff's ability to contest Defendants' underpayment of wages.

13. Plaintiff's weekly wage statements from Defendants did not list her hours worked or any hourly rate of pay. As a result, Plaintiff was unaware of how many hours she was being paid for and how much extra compensation she was entitled to. By failing to provide Plaintiff with wage statements identifying her hours worked, Defendants prevented Plaintiff from determining and seeking payment for her precise amount of unpaid compensation.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

14. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

15. Plaintiff routinely worked in excess of forty (40) hours per workweek. Defendants failed to pay Plaintiff one and a half times her regular hourly rate for all overtime hours worked, and they failed to keep records required by the FLSA and relevant regulations, even though Plaintiff was entitled to overtime.

Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**New York State Minimum Wage Act Violations, New York Labor Law § 650 *et seq.***

16. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

17. Defendants knowingly paid Plaintiff less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

18. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial

## THIRD CLAIM FOR RELIEF
**(New York State Overtime Violations,
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**

19. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

20. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

21. Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

22. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

24. Defendants did not provide Plaintiff with a written wage notice as required by N.Y. Lab. Law § 195(1).

25. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6)**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

27. Plaintiffs regularly had workdays that lasted more than ten (10) hours.

28. Defendants willfully and intentionally failed to pay Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays exceeded ten (10) hours, as required by New York law.

29. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**N.Y. Lab. L. § 215 (Retaliation)**

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31. Plaintiff took leave that was protected under federal and state laws, including but not limited to the NYPFL.

32. Defendants retaliated against Plaintiff for taking legally protected leave from work.

33. Defendants also retaliated against Plaintiff for complaining about minimum wage violations.

34. Defendants' conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Plaintiff's rights.

35. As a result of Defendants' conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, and other financial loss, as well as suffering humiliation, embarrassment, emotional distress, and mental anguish.

36. Plaintiff seeks all legal and equitable remedies available for violations of N.Y. Lab. L. § 215, including compensatory damages, liquidated damages, punitive damages,

attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including compensatory damages, liquidated damages, and penalties, to be paid by Defendants;

B. Costs of action incurred herein, including expert fees;

C. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

D. Pre-judgment and post-judgment interest, as provided by law; and

E. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
March 19, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:
/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.