JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

May 23, 2025

**VIA ECF**

Hon. Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Valencia v. Taqueria La Nortena Corp.**
**No. 24 Civ. 2002**

Dear Judge Scanlon:

We represent the Plaintiff in the above Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. We write jointly with Defendants to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The parties' executed settlement agreement is submitted herewith as Exhibit 1 ("Agreement").

## I. Background

Plaintiff worked for Defendants at their Taqueria La Nortena restaurant as a food preparer from 2014 through January 2024. Plaintiff alleges that Defendants failed to pay her minimum wage, overtime, and spread of hours compensation to which she was entitled under the FLSA and/or NYLL and related regulations. Plaintiff further alleges that Defendants did not provide her with the wage notices and wage statements required under N.Y. Lab. L. § 195(1), (3). Finally, Plaintiff alleges that Defendants terminated her in retaliation for her complaint about not being paid the New York minimum wage and for taking sick leave to which she was entitled under New York law, in violation of N.Y. Lab. L. § 215.

The parties completed discovery, which included paper discovery and depositions of Plaintiff and the two Individual Defendants, prior to reaching a settlement. The parties attended a mediation on April 28, 2025 through the Court's mediation program at which they agreed to resolve the claims in this action for $28,000.

## II. The settlement is fair and reasonable and should be approved

To determine whether an FLSA settlement is fair and reasonable, courts consider "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). Applying these factors, the settlement should be approved.

Plaintiff estimates that her unpaid minimum wage, overtime, and spread of hours compensation under the NYLL (which is greater than but includes her unpaid overtime compensation under the FLSA) totals $44,176. Plaintiff could also recover an equal amount as liquidated damages, as well as $10,000 in penalties for violations of N.Y. Lab. L. § 195(1), (3). Thus, Plaintiff's maximum damages for her wage and hour claims are $98,352.

However, Plaintiff was unlikely to recover the full $98,352 due to the *bona fide* disputes and other risks in the case. As an initial matter, there is a *bona fide* dispute as to whether Defendants have annual revenue of at least $500,000, which is necessary for Plaintiff to be covered by the FLSA. 29 U.S.C. § 203(s)(1)(A)(ii). In addition, Plaintiff's best possible recovery on her minimum wage, overtime, and spread of hours claims is based on the assumption that Plaintiff worked 54 hours a week from 2018 to 2020 and 42 hours a week from 2021 to 2024. However, Defendants dispute that Plaintiff worked this many hours, and there is evidence in the record strongly suggesting that Plaintiff in fact worked fewer hours. Finally, the parties dispute whether Plaintiff has standing to maintain her N.Y. Lab. L. § 195 claims in federal court. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024).

Plaintiff also faces substantial risks in actually collecting more than the $28,000 provided for in the settlement agreement. Defendants shared extensive financial documents with Plaintiff that substantiate their lack of resources, and they required a 24-month payment plan in order to settle the case. Thus, even if Plaintiff obtained a verdict for more than the settlement amount, it is unlikely that Plaintiff could actually collect that amount, particularly if Defendants incurred more legal fees in defending this action. *See, e.g. Villanueva v. 179 Third Avenue Rest. Inc.*, No. 16 CV 8782, 2018 U.S. Dist. LEXIS 116379, at *5 (S.D.N.Y. July 12, 2018) ("Obstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise."); *see also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) (collecting cases that "recognize[] that potential difficulty in collecting damages militates in favor of finding a settlement reasonable.").

This settlement was reached at a mediation through the Court's mediation program. Thus, negotiations were conducted at arms'-length and were free of fraud and collusion.

Finally, Plaintiff's attorneys' fees are reasonable and not excessive. Plaintiff's counsel will receive $10,666.66 from the settlement, which consists of $2,000 in costs and $8,066.66 – or one-third of the settlement amount after subtracting $2,000 in costs – as a fee. The actual costs paid by counsel in this action total $2,227.70: $405 filing fee, $317.50 for service of the complaint,

$300 for interpreting services, $906.20 for deposition services, and $300 for mediation. Plaintiff's counsel's overall share of the settlement is slightly less than what it is entitled to under paragraph 7(a) of the retainer agreement, attached as Exhibit 2, which provides that counsel may recover costs and one-third of the after-costs recovery, which, if Plaintiff's counsel claimed full costs, would have totaled $10,818.46 ($2,227.70 plus 1/3 of $25,772.30). The "percentage of the settlement amount" method for determining a reasonable fee is "appropriate and commonly applied in FLSA cases" in this Circuit. *Velasquez v. Digital Page, Inc.*, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016); *accord Fang Xiao v. Grand Sicuan Int'l St Marks, Inc.*, No. 14 CV 9063, 2016 U.S. Dist. LEXIS 99669, at *6-7 (S.D.N.Y. July 29, 2016) (applying the percentage of the fund method); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (observing that "the trend in this Circuit is toward the percentage of the fund method"). Using this method, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit.[]" *Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16 CV 1129, 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016).

Plaintiff's counsel's fee is reasonable not only in light of the retainer agreement but also in light of Plaintiff's counsel's experience and work on the case. Plaintiff's counsel are highly experienced in representing employees in wage and hour actions. Joseph & Kirschenbaum LLP ("JK") is a law firm dealing almost exclusively with employees' rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters. The two attorney billers in this case are D. Maimon Kirschenbaum (the undersigned) and Denise Schulman.[1] I graduated from Fordham University School of Law in 2005 and have worked at JK ever since. I have litigated wage and hour cases – both class actions and individual cases – since I was admitted as an attorney in 2006, and I became a member/partner of the firm in May 2007. Ms. Schulman graduated from NYU School of Law in 2008 and joined JK in January 2009. She has litigated class action and individual wage and hour cases since she was admitted as an attorney approximately 16 years ago and became a partner at the firm in February 2017. Judges have recognized Ms. Schulman's and my skill in litigating wage and hour actions. *E.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 CV 5008, at 20:1-3 (S.D.N.Y. Dec. 22, 2015) (stating, "I think Mr. Kirschenbaum and Ms. Schulman and their firm are the best in breed – of firms doing this kind of work") (Ex. 3 at 20:1-3).

While JK primarily works on a contingency basis and thus is not generally paid on an hourly basis, courts in this Circuit have awarded fees to Ms. Schulman and myself at a rate of $500 per hour. *E.g.*, *Martinenko v. 212 Steakhouse, Inc.*, No. 22 CV 518, 2024 U.S. Dist. LEXIS 231925, at *9-10 (S.D.N.Y. Dec. 23, 2024). Courts in this Circuit have also regularly approved a rate of $125 for the work of our firm's support staff. *E.g.*, *id*. These rates are consistent with those

[1] Two paralegals – Andrew Deternoz and Mariela Lini – and administrative assistant Andy Pichardo also billed time in this case. Mr. Deternoz joined JK in March 2025. He received his B.A. from the University of Houston in 2016 and had approximately 13 months of paralegal experience before joining JK. Ms. Lini joined JK in January 2024. She received her BA from John Jay College of Criminal Justice in 2019 and had nearly five years of experience as a legal assistant/paralegal before joining JK. Mr. Pichardo joined JK in December 2023 after receiving his B.A. from The City College of New York earlier that year.

deemed reasonable for partners and paralegals in this District. *See Rubin v. HSBC Bank USA, N.A.*, No. 20 CV 4566, 2025 U.S. Dist. LEXIS 10313, at *15-16, 763 F. Supp. 3d 233 (E.D.N.Y. Jan. 21, 2025) (finding $450-$650 for partners and $100-$150 to be reasonable hourly rates in this District).

In total, Plaintiff's counsel spent at least 38.2 hours litigating this action, as reflected in the time records submitted herewith as Exhibit 4. Plaintiff's counsel's total lodestar in this action is $13,400, which is more than the requested fee and cost award. *See* Ex. 4. Because JK is receiving less than its lodestar, the Court may find the "fees presumptively reasonable." *Villanueva*, 2018 U.S. Dist. LEXIS 116379, at *8.

For the foregoing reasons, the parties respectfully request that the Court approve the settlement agreement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum

cc: All counsel (via ECF)