# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NORMA VALENCIA,

                **Plaintiff,**             Case No. 24 CV 2002

      v.

TAQUERIA LA NORTENA CORP.,
GUILLERNO LOPEZ, and ANGELICA
LOPEZ,

                **Defendants.**
-----------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

    Plaintiff Norma Valencia ("Valencia" or "Plaintiff") and Defendants Taqueria La Nortena Corp., Guillerno Lopez a/k/a Guillermo Lopez, and Angelica Lopez (collectively, "Defendants," and together with Plaintiff, the "Parties") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein as follows:

    **WHEREAS,** Plaintiff has pending against Defendants an action in the United States District Court for the Eastern District of New York bearing Case Number 24 CV 2002 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

    **WHEREAS,** Defendants have filed an Answer with the Court, denying all allegations in the Complaint, denying Plaintiff's entitlement to any relief whatsoever against Defendants, and asserting a number of affirmative defenses;

    **WHEREAS,** the Parties, through counsel, negotiated in good faith to reach a settlement that is acceptable to the Parties and that constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the Parties.

    **NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators and assigns, and Defendants agree as follows:

1.    **Dismissal of Action.**

    For and in consideration of the promises of Defendants set forth in this Agreement, the Parties agree to dismiss, or cause to be dismissed, the Action with prejudice. To that end, the Parties shall sign the Stipulation and Order of Dismissal annexed hereto as Exhibit A. Upon

execution of this Agreement, Plaintiff shall submit this Agreement and the Stipulation and Order of Dismissal to the Court for approval.

2. **Payment/Consideration.**

(a) In consideration of the execution of this Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that this Action is settled and resolved for the gross total amount of Twenty Eight Thousand Hundred Dollars and No Cents ($28,000.00) (the "Settlement Sum"), inclusive of attorneys' fees, costs, and expenses to be paid entirely by Defendants. The Settlement Sum shall be allocated as follows:

    a. $8,666.67 payable to Normal Valencia representing alleged unpaid wages which shall subject to applicable federal, state, and local withholding taxes and reported on an IRS Form W-2. Payments of this portion of the Settlement Sum shall be made by checks payable to Norma Valencia and shall be referred to as "W-2 Payments."

    b. $8,666.67 payable to Norma Valencia representing alleged liquidated damages, and interest, which shall be reported on an IRS Form 1099-MISC as "other income." Payments of this portion of the Settlement Sum shall be made by checks payable to Norma Valencia and shall be referred to as "1099 Payments."

    c. $10,666.66 payable to Joseph & Kirschenbaum LLP for attorneys' fees and costs. Payments of this portion of the Settlement Sum shall be made by checks payable to Joseph & Kirschenbaum LLP and shall be referred to as "Attorneys' Fee Payments."

(b) Defendants shall pay the Settlement Sum in 24 monthly installments beginning 30 days after Court approval of the settlement. If the first installment is due on the 30th or 31st day of any month, then subsequent installments due in any month with fewer than 30 or 31 days shall be due on the last day of that month. Any payment due on a Saturday, Sunday, or federal holiday shall be due on the following business day.

(c) Defendants shall make the following payments in each installment:

| Installment number | W-2 Payment amount | 1099 Payment amount | Attorneys' Fee Payment amount |
|---|---|---|---|
| 1 | $666.67 | n/a | $500 |
| 2 | $666.67 | n/a | $500 |
| 3 | $666.67 | n/a | $500 |
| 4 | $666.67 | n/a | $500 |
| 5 | $1,166.67 | n/a | n/a |
| 6 | $1,166.67 | n/a | n/a |
| 7 | $1,166.67 | n/a | n/a |
| 8 | $1,166.67 | n/a | n/a |
| 9 | $1,166.67 | n/a | n/a |

| 10 | $166.64 | $1,000.03 | n/a |
| 11 | n/a | $1,166.67 | n/a |
| 12 | n/a | $1,166.67 | n/a |
| 13 | n/a | $1,166.67 | n/a |
| 14 | n/a | $1,166.67 | n/a |
| 15 | n/a | $300 | $866.67 |
| 16 | n/a | $300 | $866.67 |
| 17 | n/a | $300 | $866.66 |
| 18 | n/a | $300 | $866.66 |
| 19 | n/a | $300 | $866.66 |
| 20 | n/a | $300 | $866.66 |
| 21 | n/a | $300 | $866.66 |
| 22 | n/a | $300 | $866.66 |
| 23 | n/a | $300 | $866.66 |
| 24 | n/a | $299.96 | $866.70 |

(d) All settlement checks shall be delivered to D. Maimon Kirschenbaum, Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 or at such other address as Plaintiff's counsel provides.

(e) Upon execution of this Agreement, Plaintiff and her counsel shall deliver to Defendants' counsel all necessary tax forms, including, but not limited to an IRS FormW-9 for Plaintiff and IRS Form W-9 for Plaintiff's counsel.

3. **Default & Confession of Judgment.**

(a)     **Effect of Failure to Make Timely Payments.** In the event that Defendants fail to make a timely payment according to the schedule set forth in Paragraph 2 of this Agreement, the full remaining balance of the Settlement Sum shall come immediately due and payable, subject to the notice and cure terms outlined in Paragraph 3(c) herein.

(b)     **Confession of Judgment.** Simultaneously with the execution of this Agreement, each Defendant shall deliver to Plaintiff's counsel an original copy of an executed affidavit for confession of judgment in the amount of $56,000 in the form attached hereto as Exhibit B. The affidavits for confession of judgment must bear original signatures, as opposed to copied or electronic signatures. Plaintiff's counsel shall hold the affidavits for confession of judgment in escrow and shall not file them in any court unless and until Defendants default in the payment of the Settlement Sum and fail to cure their default in accordance with the notice and cure provisions set forth in Paragraph 3(c). Upon full payment of the Settlement Sum, Plaintiff's counsel shall destroy or return the original copy of the affidavits for confession of judgment to Defendants' counsel and shall not retain any copies thereof.

(c)     **Notice to Cure.** If Defendants fail to make any of the payments required under this Agreement, Plaintiff shall notify Defendants' counsel Diana Seo and Jiaxin Na via e-mail to diana@seolawgroup.com and jiaxin@seolawgroup.com of Defendants' default. If Defendants do

not cure the default within seven (7) days of the notice, all monies then-owed under this Agreement shall be immediately due in their entirety, and Plaintiff may file the affidavits for confession of judgment.

    (d)    **Attorneys' Fees and Costs.** Plaintiff shall be entitled to her reasonable attorneys' fees and costs incurred in effecting the confession of judgment and collecting on a judgment. In the event of any litigation to enforce a breach of this Agreement by any party, the prevailing party shall be entitled to receive reasonable attorneys' fees and costs up through and including the appellate process.

4.    **Release.**

Plaintiff, on behalf of herself and his heirs, executors, administrators, successors and assigns ("Plaintiff's Releasors"), voluntarily releases and forever discharges Defendants Taqueria La Nortena Corp., Guillerno Lopez a/k/a Guillermo Lopez, and Angelica Lopez, their parent corporations, subsidiaries, divisions, affiliated entities, and their owners, agents, attorneys, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Defendants' Releasees") of and from all federal and state wage-and-hour causes of action, claims, or demands that arose prior to the execution of this Agreement (the "Plaintiffs' Released Claims").

5.    **Plaintiff's Responsibility for Taxes.**

Plaintiff assumes full responsibility for the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement. Plaintiff expressly acknowledges and warrants that she is, and shall be, responsible for all federal, state, and local tax liabilities which are attributable to him that may result from the payments under this Agreement, and Plaintiff warrants that Defendants shall bear no responsibility for any such tax liabilities, except for the employers' payroll tax contributions (such as FICA) for which Defendants may be liable.

6.    **Non-Admission.**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached any agreement, or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants have denied and continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof as well as any liability to Plaintiff or to anyone else. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in a proceeding to enforce the terms of this Agreement.

7.    **Attorneys' Fees.**

Except as otherwise specifically set forth herein, Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation, including the fees, costs and disbursements incurred in negotiating and preparing this Agreement and obtaining

4

the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

8. **Important Acknowledgments.**

Plaintiff acknowledges that she was represented by counsel of her choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that she had sufficient opportunity to consider this Agreement, has reviewed the terms of this Agreement, had the opportunity to confer with her legal counsel, Joseph & Kirschenbaum LLP, in order to obtain advice with respect to the terms of this Agreement, had the opportunity to consider her legal counsel's advice with respect to the Agreement, fully understands the terms of the Agreement, is entering into this Agreement of her own free will and accord after consultation with her legal counsel, and is signing the Agreement knowingly and voluntarily.

It is understood and agreed that the Settlement Sum and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiff and referenced herein, is a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and/or time worked. The Parties represent and warrant that the Settlement Sum is fair and reasonable. The Parties represent and warrant that the attorneys' fees portion of the Settlement Sum is fair and reasonable.

9. **Oral Modifications Prohibited.**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

10. **Choice of Law.**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

11. **Effective Date.**

This Agreement shall become effective immediately upon execution of all Parties.

12. **Headings.**

The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

13. **Counterparts.**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which shall constitute one (1) Agreement.

14. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Paragraph 14 does not apply to the signatures on the affidavits for confession of judgment, which must bear original signatures and not facsimile or e-mailed signatures.

15. **Severability.**

The invalidity or unenforceability of any provision(s) of this Agreement (other than Paragraph 2) shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect. In the event that a court of competent jurisdiction determines that Paragraph 2 is invalid or unenforceable, then all monies paid hereunder must be returned immediately to Defendants.

16. **Status of Settlement if Case Is Not Ultimately Dismissed.**

In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

17. **No Other Representations or Agreements; Entire Agreement.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties and supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This Agreement is an integrated document.

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

Signed by:

_____  Date: __5/22/2025__, 2025
Norma Valencia


_____  Date: _____, 2025
Taqueria La Nortena Corp.
By:
Title:


_____  Date: _____, 2025
Guillermo Lopez


_____  Date: _____, 2025
Angelica Lopez

7

_____  Date: _____, 2025
Norma Valencia

_____*[signature]*_____  Date: 05/23/, 2025
Taqueria La Nortena Corp.
By:
Title: Guillermo Lopez
       President

_____*[signature]*_____  Date: 05/23/, 2025
Guillermo Lopez

*Angelica Lopez*  Date: 05/23/, 2025
Angelica Lopez

7

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NORMA VALENCIA,

        Plaintiff,

v.

TAQUERIA LA NORTENA CORP.,
GUILLERNO LOPEZ, and ANGELICA
LOPEZ,

        Defendants.
-----------------------------------------------------------x

Case No. 24 CV 2002

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice and without costs to any party against any other. The Court retains jurisdiction to enforce the Parties' Settlement. This Stipulation may be filed with the Court without further notice to any party.

Dated: New York, New York

    _____, 2025

**JOSEPH & KIRSCHENBAUM LLP**

By:_____
  D. Maimon Kirschenbaum
  32 Broadway, Suite 601
  New York, New York 10004

*Attorneys for Plaintiff*

**SEO LAW GROUP PLLC**

By:_____
  Jiaxin Na
  136-68 Roosevelt Avenue, Suite 726
  Flushing, NY 11354

*Attorneys for Defendants*

        **So Ordered**

        _____
        Hon. Vera Scanlon

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NORMA VALENCIA,

        **Plaintiff,**                     Case No. 24 CV 2002

    v.

**TAQUERIA LA NORTENA CORP.,
GUILLERNO LOPEZ, and ANGELICA
LOPEZ,**

        **Defendants.**
-----------------------------------------------------------x

### AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF _Queens_  )

_Guillermo Lopez_____, being duly sworn, deposes and says:

1.    I am the ___President___ of Taqueria La Nortena Corp., a Defendant in the above-captioned action.

2.    Taqueria La Nortena Corp.'s address is ___668 Manhattan Av. Brooklyn NY 11222___

3.    I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against Taqueria La Nortena Corp.

4.    This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due is set forth below.

5.    Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) failed to pay Plaintiff properly for all overtime hours worked; (2) failed to pay Plaintiff all minimum wage compensation due; (3) failed to pay Plaintiff spread of hours compensation; (4) failed to provide Plaintiff with

1

the wage statements and wage notices required under New York law; and (5) retaliated against Plaintiff for taking protected leave.

6. Defendants filed an Answer denying all allegations in the Lawsuit, denying Plaintiff's entitlement to any relief whatsoever against Defendants, and interposing a number of affirmative defenses.

7. In or around May 2025, the parties executed an Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Eight Thousand Dollars ($28,000.00) in 24 equal monthly installments beginning 30 days after Court-approval of the settlement.

8. Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall notify Defendants of the default, and Defendants shall have seven (7) calendar days to remedy their default.

9. If Defendants do not remedy their default within seven (7) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of Fifty Six Thousand Dollars ($56,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

10. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against Taqueria La Nortena Corp.

Dated: Flushing, New York
05 / 23 / , 2025

By: _____
Taqueria La Nortena Corp.
Name: Guillermo Lopez
Title: President

Sworn to before me this
23rd day of May, 2025
_____
Notary Public

*[Notary seal: JIAXIN NA, NOTARY PUBLIC, STATE OF NEW YORK, Qualified in Queens County, 02NA0024445, MY COMMISSION EXPIRES 05/08/2028]*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NORMA VALENCIA,

        **Plaintiff,**                          Case No. 24 CV 2002

v.

**TAQUERIA LA NORTENA CORP.,
GUILLERNO LOPEZ, and ANGELICA
LOPEZ,**

        **Defendants.**
-----------------------------------------------------------x

### AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK  )
                             ) ss.:
COUNTY OF _Queens_  )

Guillermo Lopez, being duly sworn, deposes and says:

1. I am a Defendant in the above-captioned action.

2. My address is _12-10 27st Av. Astoria NY 11102_

3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against me.

4. This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due is set forth below.

5. Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) failed to pay Plaintiff properly for all overtime hours worked; (2) failed to pay Plaintiff all minimum wage compensation due; (3) failed to pay Plaintiff spread of hours compensation; (4) failed to provide Plaintiff with the wage statements and wage notices required under New York law; and (5) retaliated against Plaintiff for taking protected leave.

1

6. Defendants filed an Answer denying all allegations in the Lawsuit, denying Plaintiff's entitlement to any relief whatsoever against Defendants, and interposing a number of affirmative defenses.

7. In or around May 2025, the parties executed an Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Eight Thousand Dollars ($28,000.00) in 24 equal monthly installments beginning 30 days after Court-approval of the settlement.

8. Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall notify Defendants of the default, and Defendants shall have seven (7) calendar days to remedy their default.

9. If Defendants do not remedy their default within seven (7) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of Fifty Six Thousand Dollars ($56,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

10. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me.

Dated: Flushing, New York
05/23/, 2025

By: _____
Gillermo Lopez

Sworn to before me this

23rd day of May, 2025

_____
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NORMA VALENCIA,

        Plaintiff,

v.

TAQUERIA LA NORTENA CORP.,
GUILLERNO LOPEZ, and ANGELICA
LOPEZ,

        Defendants.
-----------------------------------------------------------x

Case No. 24 CV 2002

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK   )
                                ) ss.:
COUNTY OF Queens   )

Angelica Lopez, being duly sworn, deposes and says:

1. I am a Defendant in the above-captioned action.

2. My address is 12 10 27 Av Astoria Queens NY 11102

3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against me.

4. This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due is set forth below.

5. Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) failed to pay Plaintiff properly for all overtime hours worked; (2) failed to pay Plaintiff all minimum wage compensation due; (3) failed to pay Plaintiff spread of hours compensation; (4) failed to provide Plaintiff with the wage statements and wage notices required under New York law; and (5) retaliated against Plaintiff for taking protected leave.

1

6. Defendants filed an Answer denying all allegations in the Lawsuit, denying Plaintiff's entitlement to any relief whatsoever against Defendants, and interposing a number of affirmative defenses.

7. In or around May 2025, the parties executed an Agreement and Release ("Agreement") in which the Defendants agreed to pay Twenty Eight Thousand Dollars ($28,000.00) in 24 equal monthly installments beginning 30 days after Court-approval of the settlement.

8. Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall notify Defendants of the default, and Defendants shall have seven (7) calendar days to remedy their default.

9. If Defendants do not remedy their default within seven (7) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of Fifty Six Thousand Dollars ($56,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

10. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me.

Dated: Flushing, New York
05/23/, 2025

By: *Angelica Lopez*
Angelica Lopez

Sworn to before me this
23rd day of May, 2025

_____
Notary Public

[Notary Seal: JIAXIN NA, NOTARY PUBLIC, STATE OF NEW YORK, Qualified in Queens County, 02NA0024445, COMMISSION EXPIRES 05/08/2028]