# Exhibit 2

**JOSEPH & KIRSCHENBAUM LLP**
**ATTORNEY RETAINER AGREEMENT**

This confirms that you, the undersigned client Norma Valencia has retained Joseph & Kirschenbaum (hereafter "JK") as attorneys-at-law to represent you in all claims for violations of State or Federal Labor Laws and any other related laws against Taqueria La Nortena Restaurant and any related entities and/or individuals (hereafter "Defendant").

It is understood and agreed upon, by and between Client and JK, as follows:

1. JK has agreed to accept this engagement. If this claim is governed by the law of any state other than New York or New Jersey, our acceptance is subject to approval by local counsel. While it is a rarity that local counsel will not approve, we will notify you of our local counsel's approval or disapproval as soon as possible.
2. You will be reasonably available to confer with us, provide us with copies of all documents and information and disclose all facts and circumstances that we reasonably need to know to properly represent you in this matter. This includes informing JK of any deadline set forth to you by a state or government administration agency, such as the EEOC or DFEH. Unless we specifically request otherwise, you agree to retain originals of any and all documents that you send to JK.
3. You will promptly return telephone calls and correspondence from our office, comply in filling out required forms, and assist us in meeting deadlines and locating witnesses, documents and evidence.
4. You should not email anything from a company account, nor text using a company cell phone, nor send instant messages or otherwise communicate with us using an employer-owned device, but instead use a personal email account on a personal device, or text using a personal cell phone.
5. You should never discuss the status of settlement negotiations with anyone, including anyone connected with Defendant, or your case may be prejudiced. This is because if the defendant wishes to settle your case the defendant will typically insist on confidentiality; and, if settlement information is made public the defendant may be less willing (or unwilling) to settle.
6. No fee shall be charged for the attorney(s) if there is no recovery.
7. Client agrees that attorneys' fees shall be: If we do not commence litigation, 1/3 of any amount recovered for you from the Defendant in excess of whatever Defendant has already offered you. If we commence litigation, the greater of (a) one third (1/3) of the amount recovered for you from the defendant, whether by settlement or judgment or otherwise (calculated after costs incurred by JK are deducted) or (b) if attorneys fees are awarded in a judgment, the total award for attorneys' fees, or (c) in an unusual circumstance and only upon the consent of both you and counsel, JK's full lodestar amount (current hourly rate times hours spent). This percentage - our portion of the gross settlement amount - will also be used to pay, if necessary, the fee of any other counsel, and/or a fee to the firm that referred you to us. The "amount recovered" includes the gross pretax amount received, including the value of any benefits you would not otherwise have received. If, for your matter and prior to the date of this agreement, you had already received a legally binding and documented offer of settlement from defendant, attorney fees will only be applied to the enhanced portion of the settlement value. The "amount recovered" (and, thus, the attorneys' fees) is computed after the deduction of any actual out-of-pocket costs, disbursements and other expenses of case management paid by JK. "Out-of-pocket costs, disbursements, and other expenses" refers to expenditures such as charges for court filings, depositions, costs incurred due to legal

or other research, charges for transcripts, and expert witness fees. These costs are not attorney fees but rather are typically expenditures charged by third-party vendors.
8. Client hereby authorizes JK to associate any other attorney in representing Client, with the consent of Client, without additional costs to Client.
9. This matter shall not be settled without the consent of Client.
10. JK has not and cannot guarantee that we will be able to obtain any particular result or success in this matter.
11. JK shall not be required to file or respond to any appeal in this matter, nor to provide any services of collection, or otherwise, after settlement or judgment has been reached.
12. The JK fee stated here in is not set by law, but has been negotiated between JK and Client.
13. Whenever a verdict, judgment, award or settlement is obtained in this matter, the undersigned client(s) hereby gives power of attorney to JK to sign the client(s) name to any and all releases, dismissals, forms, checks, drafts, and other papers and to deposit the proceeds into JK's trust account, and to distribute the funds in accordance with this Attorney Retainer Agreement.
14. We will be readily available to represent your best interests, keep you informed about your case and answer any questions you have about the way your case is being handled. If the Client disputes any portion of JK's fee you may have the right to Fee Arbitration pursuant to Part 137 of 22 N.Y.C.R.R. Forms will be provided upon request.
15. If, without the consent of JK, you settle this matter or retain another attorney, this agreement shall nevertheless remain binding to the full extent of the law. We will seek attorneys' fees and will apply an hourly rate of Four Hundred and Fifty Dollars ($450.00) per hour, if based on quantum meruit, or will seek a proportionate share of the legal fees if legally permitted to do so. We will also seek all out-of-pocket costs incurred by JK in connection with our representation of you until the time of the substitution of new counsel.
16. If, at any time during the investigation and preparation of this case, JK decides there is insufficient merit in proceeding further, JK may withdraw, with permission of a court, when necessary, without any further obligation whatsoever by the Client or JK.
17. You may terminate this Agreement at any time. If you terminate this Agreement prior to a resolution of this matter or if we withdraw for good cause, and you acquire a recovery by other means or representation, you understand we will have a right to request legal fees and reimbursement for any expenses.

I have read all of the above, and understand and agree to all of it.

I hereby acknowledge receipt of a copy of this Attorney Retainer Agreement.

Accepted by:

_DocuSigned by:_
_[signature]_
BF13B97CB86F449...                    2/15/2024
_____           _____
Norma Valencia                        Date

*D. Maimon Kirschenbaum*              *2.14.2024*
_____           _____
D. Maimon Kirschenbaum                Date

2